UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 JUN -9  A 10: 29

Joseph Wallace
(Enter above the full name of the Plaintiff in this action)

COMPLAINT

- vs -

Civil Action No. _____
(To be supplied by the Clerk of the Court)

The New Jersey Department of Corructions vs. Administrator
Robert Chetirkin vs. Correctional Officer
Lorencs vs. Commissuner
Marcus Hicks

(Enter above full name of the Defendant(s) in this action)

## INSTRUCTIONS – READ CAREFULLY

1. This complaint must be legibly handwritten or typewritten, signed by the Plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any questions, attach a separate sheet.

2. In accordance with Rule 8 of the *Federal Rules of Civil Procedure*, the complaint should contain (a) a short and plain statement of the grounds upon which the court's jurisdiction depends; (b) a short plain statement of the claim showing that you are entitled to relief; and (c) a demand for judgment for the relief which you seek.

3. You must provide the full name of each Defendant or Defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District court. You must also send one additional copy of the complaint *for each Defendant* to the Clerk. Do not send the complaint directly to the Defendants.

5. Upon receipt of a fee of $400.00 (*as of May 1, 2013*), your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each Defendant. See Rule 4, *Federal Rules of Civil Procedure*.

*NOTE:* If you cannot prepay the $350.00 filing fee, you may request permission to proceed *in forma pauperis* in accordance with the procedures set forth below. (If there is more than one Plaintiff, *each Plaintiff* must separately request permission to proceed *in forma pauperis*).

The Prisoner Litigation Reform Act of 1996 ("PLRA"), effective April 26, 1996, has made significant changes to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute no longer provides for waiver of court filing fees for prisoners who are granted leave to proceed *in forma pauperis*. A prisoner who is granted leave to proceed *in forma pauperis* is not required to pay the filing fees in advance, but the prisoner is obligated to pay the entire filing fee in installment payments regardless of the outcome of the proceeding. This obligation to pay the filing fee continues even if the prisoner is transferred to another prison. Therefore, before submitting this application to the Clerk of the Court, a prisoner should consider carefully whether he or she wishes to go forward with the action.

The PLRA obligates prisoners who are granted *in forma pauperis* status to pay the entire filing fee in the following manner, regardless of the outcome of the litigation. See 28 U.S.C. § 1915(b)(1) and (2). The agency having custody over the prisoner shall deduct from the prisoner's institutional account and forward to the Clerk of the Court (1) an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint; and (2) payments equal to 20% of the preceding month's income credited to the prisoner's institutional account each month the amount in the account exceeds $10.00, until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(1) and (2). However, a prisoner without assets or any means in which to pay the initial partial filing fee will not be prohibited from bringing a civil action. See 28 U.S.C. § 1915(b)(4)..

6.   Each prisoner Plaintiff who desires to proceed *in forma pauperis* must submit the following to the Clerk of the Court:

   a.   A completed, signed, and dated application to proceed *in forma pauperis* (attached hereto); and

   b.   A certified copy of your prison account statement for the 6-month period immediately preceding submission of this application, listing the account balance and all deposits into the account. A prison account statement must be obtained from the appropriate official of each prison at which you are or were confined during the preceding 6 months.

7.   If your application to proceed *in forma pauperis* does not conform to these instructions, you will be notified by letter of the nature of the deficiencies. If these deficiencies are not cured within 120 days of the date of the letter, the complaint will be deemed withdrawn, the Clerk's file will be closed, and no fees will be assessed against you.

8.   If you are given permission to proceed *in forma pauperis*, the Clerk will prepare and issue a copy of the Summons for each Defendant. The copies of Summonses and the copies of the complaint, which you have submitted, will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The U.S. Marshal has U.S.M.-285 forms you must complete so that the Marshal can locate and serve each Defendant. If the forms are sent to you, you must complete them *in full* and return the forms to the U.S. Marshal.

## QUESTIONS TO BE ANSWERED

1. Jurisdiction is asserted pursuant to (*CHECK ONE*):

    **✓**    42 U.S.C. § 1983 (*applies to State prisoners*)

    \_\_\_\_    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (*applies to federal prisoners*)

    If you want to assert jurisdiction under different or additional statutes, list them below:

    None

2. Previously Dismissed Federal Civil Actions or Appeals:

    If you are proceeding *in forma pauperis*, list each action or appeal you have brought in federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied *in forma pauperis* status unless that prisoner is under imminent danger or serious physical injury. 28 U.S.C. § 1915(g).

    a. Parties to previous lawsuit:

       Plaintiff(s): None

       Defendant(s): None

    b. Court and Docket Number: None

    c. Grounds for dismissal: ( ) Frivolous;  ( ) Malicious;  ( ) Failure to state a claim upon which relief may be granted.

    d. Approximate date of filing lawsuit: None

    e. Approximate date of disposition: None

*Civil Rights Complaint*                                                                                           Page Four

3. Place of Present Confinement: East Jersey State Prison Rahway, N.J 07065

4. Parties: (In Item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs if any).

   a. Name of Plaintiff: Joseph Wallace

   Address: 1100 Woodbridge Road, Lock Bag R Rahway, New Jersey 07065

   Inmate Number: 567618 / 664552C

   b. First Defendant's Name: New Jersey Department of Corrections

   Official Position: Head Quarters / Entity

   Place of Employment: Whittlesey Road Trenton, N.J 08625

   How is this person involved in the case (*i.e.*, what are you alleging that this person did or did not do that violated your constitutional rights)?

   Allowing a culture of systemic racism, physical and emotional abuse in violation of my Eight Amendment, for allowing Officer Lorenzo to continue to profile, harass, and disrespect my visitors as well as myself, with no repercussions.

   c. Second Defendant's Name: ~~Commissioner~~ Marcus Hicks

   Official Position: Comissioner

   Place of Employment: Whittlesey Road Trenton, N.J 08625

   How is this person involved in the case (*i.e.*, what are you alleging that this person did or did not do that violated your constitutional rights)?

   Allowing a culture of systemic racism, physical, and emotional abuse in violation of my Eight Amendment for allowing Officer Lorenzo to continue to profile, harass, and disrespect my visitors as well as myself, with no repercussions.

Third Defendant's Name: Robert Chetirkin
Official Position: Administrator
Place of Employment: East Jersey State Prison 1100 Woodbridge Road
Rahway, N.J 07065

Failing to adequately supervise, discipline, and condemn employee's actions. This administration has continued to allow its officers to operate in a manner free from discipline or repercussions. Case in point, I have filed numerous grievances against Officer Lorenc for the constant harassment and profiling of my visitors and I. And as the overseer of the prison, the Administrator job is to make sure it's staff uphold the rules and regulations that maintains the security orderly running of the prison. And allowing it's inmates to report abuse and misconduct free from retaliation. In which violates my Eighth Amendment rights of being free from cruel and unusual punishment.

Fourth Defendant: Name: Officer Lorenca
Official Position: Correctional Officer
Place of Employment: East Jersey State Prison 1100 Woodbridge Road
Rahway, N.J 07065

Officer Lorenca has continued to violate my Constitutional Right under the Eighth Amendment for cruel and unusual punishment. On April 30, 2018, I filed an institutional grievance to the prison Administrator for Officer Lorenca's misconduct when he escorted my visitor, Sharif Freeman, off the visiting hall floor and falsely accusing him of being wanted for murder. This is a tactic use by

correctional officers at this prison to deter love ones from coming to visit inmates. And subjecting themselves to the constant harassment. After filing my grievance, I received a brief response from Assistant Super-Intendent Carruthers stating " The matter was addressed."

So after that, I was subjected to constant harassment from Officer Loreans, by being singled out with pat downs/ rub downs whenever I encounter him during my movements throughout the prison. (These pat downs are suppose to be randomly.) This type of violation was clearly in violation of prison rules and regulations, which is being free from retaliation for filing grievance on April 30, 2018. So on March 20, 2019, I filed another grievance to the prison administrator, highlighting this officer's actions. And suddenly the pat downs stop. So on this latest incident, that caused me to file this complaint, my girlfriend, Jobite Ribers came to visit me on May 25, 2021 for an scheduled visit, that was made a week in advanced. When she showed up to the visit desk, another officer attempted to take her registration, when Officer Loreans step over and asked her, who she was coming to see, when she stated to him "You know who I'm here to see" and he lied and told her she wasn't on my list to visit that day. She informed him that she scheduled the visit a week ago but he continued his lie, denying my visit. So I filed a grievance to Central office detailing my entire history with this officer. And the next day they answer me back, stating "they will be referring my matter to the Special Investigating Division." So I appealed this answer, because the Special Investigating Division is a joke, who has done nothing but turn a blind eye to the Officers in this prison LITERALLY assaulting and in one instance Murdering an Inmate. So I informed them I will be proceeding with this 1983 complaint.

*Civil Rights Complaint*                                                                                                    Page Five

    d.  If there are more than two defendants, attach a separate sheet. For each defendant, specify: (1) Name; (2) Official Position; (3) Place of Employment; (4) Involvement in this case.

SEE ATTACHMENT

5.  I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims (para. 6 below).

[ ✓ ] Yes    [ ] No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

Institutional grievances was filed on 4/30/18 for accusing visit of being wanted for murder (no action taken). 3/20/19 constant harassment and excessive pat downs (no action taken) 5/25 and 5/27, denied visit from visitors me after visit was scheduled week in advance by protocol. (No action taken)

If your answer is "No," briefly explain why administrative remedies were not exhausted.

Remedies Exhausted

6.  Statement of Claims:

State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.

The New Jersey Department of Corrections and Commissioner Marcus Hicks has allowed a culture of systemic racism, verbal, physical, and mental abuse, by failing to adequately answer my grievances through final request review in regards to constant harassment of me and my visitors from Correctional Officer Lorenns. On April 30, 2018, I filed a grievance to the Administration for Officer Lorenns

(Statement of Claim(s), continued):

escorted my visitor, Sharif Freeman, off the visiting hall floor and falsely accusing him of being wanted for Murder. I received a small short response from Asst. Super-Intendent Carruthers stating "The matter was addressed." So after that, I was constantly harassed and singled out with pat down searches by Officer Lorecn, whenever I moved throughout the prison for retaliation of my April 30, 2018 grievance. So on March 20, 2019, I wrote a second Grievance to the Administrator for Officer's Lorecn's continued harassment and the pat downs stopped. Now, on May 25, 2021, my girlfriend, Jobita Ribers, came to visit me for a scheduled 4:30 p.m. visit, that she made 1 week in advance. And she stated that Officer Lorecna told her that she wasn't on the list, which was false. So this same day, May 25, 2021, I filed a grievance to Central Office Department Of Corrections asking that someone take action against this Officer, because my grievances to the prison are resulting in the same behavior, or I will be filing this 1983 complaint.

7. Relief:

State briefly exactly what you want the court to do for you. *Make no legal arguments. Cite no cases or statutes.*

I would like for this court, to uphold the rights of prisoners, by entering a judgement on my behalf, that will for the first time in this matter hold this Officer accountable for his previous and continued harassment of my Civil rights. Along with his mission to deter my family and love ones from coming to visit me.

*Civil Rights Complaint*                                                                                     *Page Seven*

8. Do you request a jury or non-jury? (Check only one)

   ( ) Jury Trial     (✓) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 28th day of May, 20 21.

__Joseph Wallace__                                   __Joseph Wallace__
(Printed Name of Plaintiff)                          (Signature of Plaintiff)

### Additional Plaintiff(s):

__NONE__                                             __None__
(Printed Name of Plaintiff #2)                       (Signature of Plaintiff #2)


__None__                                             __None__
(Printed Name of Plaintiff #3)                       (Signature of Plaintiff #3)

**NOTE:** Each Plaintiff named in the Complaint must sign the Complaint here. Add additional lines if there is more than one Plaintiff. Remember, each Plaintiff must sign the Complaint.